Lanzinger, J.,
concurring.
{¶ 27} I concur. As the majority opinion makes clear, the rule requiring evidence of a telephone tip’s reliability is confined to investigatory stops. Maumee v. Weisner, 87 Ohio St.3d 295, 720 N.E.2d 507 (1999). And in specifically holding that the eommunity-caretaking/emergency-aid exception exists, we clarify that police may approach citizens without a warrant in circumstances such as Dunn’s.
{¶ 28} What is troublesome here is that the state indicted Dunn for the crime of improper handling of a firearm in a motor vehicle 16 months after the police prevented his suicide. One wonders if it was reasonable for the state to *332 prosecute Dunn under these circumstances after more than a year had passed. Nevertheless, a motion to suppress puts at issue the actions of police rather than prosecutors. Because the officers in this case acted reasonably and responsibly, I agree that there was no Fourth Amendment violation and that the court of appeals’ judgment should be reversed.
O’Connor, C.J., and McGee Brown, J., concur in the foregoing opinion.